UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARSH RAJESHBHAI VARSANI,

Plaintiff,

v. Case No. 2:26-cv-2670-KCD-NPM

CITY OF FORT MYERS
POLICE DEPARTMENT,

Defendant.
_________________________________/

# ORDER

Plaintiff Harsh Rajeshbhai Varsani, a pre-trial detainee at the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He generally alleges that he has been falsely arrested. Varsani proceeds *in forma pauperis* (Doc. 3), and his complaint is before the Court for initial screening. For the following reasons, Varsani's complaint is dismissed without leave to amend.

## I. Complaint

Varsani alleges the following facts, which the Court accepts as true at this stage: On November 6, 2025, Varsani went to the Fort Myers Police Department to report a fraud and extortion scheme. (Doc. 1 at 5.) He told officers that he had been forced to pick up parcels containing cash from commercial shipping locations and reship them to other addresses. (*Id.*) He

said that the mastermind of this crime verbally threatened to harm his family in India or post nude pictures of Varsani on the internet if he did not participate in the criminal enterprise. (*Id.* at 6.) Varsani argues that the threats from the true perpetrator of the crimes made him (Varsani) "as much or more a victim of this scheme as these who lost money." (*Id.*)

Varsani voluntarily surrendered packages containing U.S. currency to the police to assist them in their investigation. (Doc. 1 at 5–6.) Notwithstanding Varsani's cooperation, the police arrested him on January 21, 2026 and charged him with "scheme to defraud, fraud-money laundering, dealing in stolen property, and public order crimes—all felonies." (*Id.* at 6.) Varsani argues that the police "lacked sufficient probable cause to effect an arrest of the plaintiff for these offenses." (*Id.*)

Varsani claims that the arrest has ruined his reputation, jeopardized his immigration status, and made "all of his education/training/experience useless because of the mere accusation of a scheme to defraud and/or money laundering makes the plaintiff unemployable globally in his chosen field." (Doc. 1 at 7.) He seeks five million dollars in damages and an injunction prohibiting his deportation. (*Id.* at 8)

## II. Legal Standard

A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. §

1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is largely governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, unlike Rule 12(b)(6), § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Rule 8, in turn, requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "naked assertions devoid of

'further factual enhancement." *Iqbal*, 556 U.S. at 678.[1] Instead, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

Varsani has been charged with scheme to defraud, money laundering, trafficking in stolen property, and using a communication device to facilitate a felony in case number 26-CF-014245 from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County.[2] (*See* State Docket at 5.) A pretrial conference is scheduled for December 17, 2026. (State Docket at 47.)

In *Younger v. Harris*, the Supreme Court held that federal courts should not interfere with ongoing state criminal proceedings unless doing so is necessary to prevent great and immediate irreparable injury. 401 U.S. 37, 53–54 (1971). The *Younger* doctrine "applies most often in cases involving pending state criminal prosecutions." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). In those cases, *Younger* calls for federal courts to abstain when: (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

[2] See https://matrix.leeclerk.org/Case/ViewCase (website Lee County Clerk of Court) (Search: Varsani, Harsh). Docket entries on Harsh's pending state case will be cited as "(State Docket at ____.)"

the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Varsani "must satisfy the *Younger* abstention hurdles" before this Court can grant relief. *Kolske v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

Varsani does not clear those hurdles. First, he faces felony charges in state court for events at issue in this complaint. And Florida has a significant interest in prosecuting the crimes that occur within its borders. *See Patterson v. New York*, 432 U.S. 197, 201 (1977) ("It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government[.]"). Further, at his criminal trial, Varsani may present evidence showing that he was coerced into participating in the fraud schemes. Finally, Varsani does not allege that the state prosecuting officials brought the criminal charges in bad faith or that prosecution under Florida's fraud statutes would result in irreparable injury. To the contrary, he admits that crimes were committed but argues that he acted reluctantly and only out of concern for his family's safety. *See Younger*, 401 U.S at 48, 53–54 (explaining that bad faith prosecutions are brought with no intention of securing a conviction or when the statutes under which the plaintiff is being prosecuted

are themselves unconstitutional). The Court therefore abstains from considering Varsani's § 1983 claims.

*Younger* claims for monetary damages are generally not dismissed. Instead, they are stayed until the conclusion of state court proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). It is axiomatic, however, that the claims must be worth staying, which these are not. As explained below, Varsani has not stated a claim upon which § 1983 relief may be granted.

Varsani generally alleges that he was arrested without probable cause.[3] It is "well established that arrests without probable cause violate the Fourth Amendment." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1258 (11th Cir. 2010). However, a lack of actual probable cause, standing alone, is insufficient to establish a cognizable § 1983 claim for false arrest. This is so because to be entitled to qualified immunity (and dismissal of the claims against him), "an officer need not have actual probable cause, but only arguable probable cause" for the arrest. *See Grider*, 618 F.3d at 1257. And "[a]rguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id.* In other words, if any of the arresting law

[3]Varsani names the Fort Myers Police Department as the sole defendant. Although a police department is not a proper defendant under § 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), the Court liberally construes this complaint as brought against the individual Fort Myers police officers who arrested him.

enforcement officers received information suggesting that Varsani committed the crimes for which he was arrested, they could have reasonably (even if mistakenly) believed they were entitled to arrest him, and they would not be liable for false arrest.

Here, Officer David Dietz wrote a booking report summarizing the fraud investigation that occurred before Varsani's arrest. (*See* State Docket at 4.) Dietz wrote that the Fort Myers Police Department responded to a CVS Pharmacy to assist an out of state agency with an active fraud investigation involving an interstate shipment of U.S. Currency. The store manager reported that several packages containing currency had been shipped to the store and appeared linked to the same suspect. Dietz reviewed CVS surveillance video showing a tall Indian male retrieving the packages. The suspect drove a red sedan with distinctive hubcaps. The video was uploaded to evidence.com and disseminated for identification.

On November 6, 2025, Versani contacted the police when he learned his image was circulating online in connection with a CVS package scam. He admitted that he picked up five or six packages at the direction of someone named "Hunter Paul" but only under threat. Packets of money were found in Versani's backpack and in his car. A search of Versani's phone revealed communications between Varsani and others regarding the packages. The messages discussed pickup instructions and shipment information. The only

threat found on the phone was from Paul who threatened to tell police what Varsani was doing when Varsani said that he no longer wanted to pick up packages after his image was released to the news media. No threats against Versani's family were found on the phone.

In a follow-up interview, Varsani said that Paul had offered him work, and instructed him to pick up parcels containing cash and deliver it to others. Varsani admitted to using false identification and said that he knew his actions were wrong. Varsani said that Paul had threatened him with immigration consequences and with posting nude photographs to the internet.

Overall, $45,270 was recovered from Varsani and linked to crimes. The CVS manager identified Varsani as the person who had attempted to retrieve packages. The manager told police that Varsani had a state identification card on his cell phone bearing Varsani's photograph and the name "Joy Smith," which matched the recipients' name on one of the intercepted packages. Based on witness statements, recovered currency, surveillance video, digital evidence and the defendant's admissions, Dietz concluded that probable cause existed for Varsani's arrest.

Varsani does not dispute the statements in the booking report. Instead, he generally argues that the police should not have arrested him because he told them that he acted under duress. But an arresting officer is not "required to consider affirmative defenses in their probable cause calculations." *Sada v.*

*City of Altamonte Springs*, 434 F. App'x 845, 850 (11th Cir. 2011); *Paez v. Mulvey*, 915 F.3d 1276, 1286(11th Cir. 2019) ("[P]olice officers aren't lawyers; we do not expect them to resolve legal questions or to weigh the viability of most affirmative defenses.").

Varsani's complaint does not allege facts suggesting that law enforcement lacked probable cause to arrest him, and it likewise does not allege facts sufficient to meet the higher standard of showing no "arguable" probable cause. Thus, Varsani has not stated a claim for false arrest.

## IV. Conclusion

The Court abstains under *Younger v. Harris* from considering Varsani's § 1983 claims. Alternatively, his complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that a more carefully drafted complaint could not overcome the deficiencies of this action. Therefore, the dismissal is without leave to amend. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).

Accordingly, it is **ORDERED**:

1. The Court abstains from considering the allegations in this complaint. Alternatively, Varsani's claims are **DISMISSED** for failure to state a claim on which relief may be granted.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida, on November 18, 2026.

Kyle C. Dudek
United States District Judge